IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROBERT SANDERS, | ) | |
| AIS #258188, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-1035-TMH |
| | ) | [WO] |
| | ) | |
| LEON FORNISS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by William Robert Sanders ["Sanders"], a state inmate, on December 2, 2011.[1]  In this petition, Sanders challenges a 2008 conviction for solicitation to commit murder imposed upon him by the Circuit Court of Montgomery County, Alabama.  In an amendment to the habeas petition filed on August 16, 2013, Sanders presents additional claims for relief arising from his alleged incompetence to enter his guilty plea (Doc. No. 19). With respect to the substantive competency claim, Sanders argues that he was tried and

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 F.3d 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  The petition indicates Sanders submitted the petition for mailing on December 2, 2011. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 14.  In light of the foregoing and for purposes of the proceedings herein, the court considers December 2, 2011 as the date of filing.

convicted while mentally incompetent due to his suffering from advanced Alzheimer's at the time of entering his guilty plea.

The pleadings filed by the parties establish that Sanders' substantive competency claim has not been presented to the state courts for review. The law is well settled that a substantive claim challenging a petitioner's competency to stand trial is not precluded from review by the procedural or time limitation bars either in state or federal court. *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996) (Although petitioner did not raise on direct appeal or in his initial Rule 32 petition a substantive competency claim that he was convicted while incompetent, this "substantive claim ... is not subject to procedural default [or the limitation period] and must be considered on the merits."); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) ("To the extent [the petitioner] raises a substantive due-process claim – that he was convicted while mentally incompetent to stand trial – the petition is not subject to procedural bars.").  It is therefore clear to this court that Sanders may proceed on his substantive claim of mental incompetency in a Rule 32 petition filed with the Circuit Court of Montgomery County, Alabama.

In light of the foregoing, the court entered an order affording Sanders an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies. *Order of August 19, 2013 - Doc. No. 21*.  In response to this order, Sanders does not dispute the availability of an available state court remedy regarding his claim of mental incompetence and acknowledges his failure to exhaust this available state court remedy with

2

respect to such claim.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Sanders has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. Specifically, Sanders may present his substantive claim of mental incompetency to the Circuit Court of Montgomery County, Alabama in a Rule 32 petition.[2] This court does not deem it appropriate to rule on the merits of Sanders' claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claim[] first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

---

[2]The petitioner is advised that if he receives an adverse ruling on his substantive competency claim in the trial court he may appeal this decision to the Alabama Court of Criminal Appeals and, if necessary, the Alabama Supreme Court.

3

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Sanders can pursue those state court remedies available to him.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied.

2. The petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before October 10, 2013 the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.

1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of September, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE